UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TOMMY LEE WILLIAMS,<br><br>                                  Petitioner,<br><br>v.<br><br>RAYTHEL FISHER,<br><br>                                  Respondent. | Case No.:  3:22-cv-00524-GPC-NLS<br><br>**ORDER DISMISSING CASE WITHOUT PREJUDICE AND WITH LEAVE TO AMEND** |

Petitioner, a state prisoner proceeding pro se, has filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. ECF No. 1.

### **FAILURE TO SATISFY FILING FEE REQUIREMENT**

Petitioner has not paid the $5.00 filing fee and has not moved to proceed in forma pauperis. This Court cannot proceed until Petitioner has either paid the filing fee or qualified to proceed in forma pauperis. *See* Rule 3(a), 28 U.S.C. foll. § 2254.

### **ABSTENTION**

Petitioner lists his place of confinement as the Vista Detention Center. *See* Pet., ECF No. 1 at 1. The San Diego County Sheriff's Department website shows that Williams is currently in custody pursuant to San Diego Superior Court case number SCN236445, which is the same case he seeks to challenge in the current Petition. https://apps.sdsheriff.net/wij/wijDetail.aspx?BookNum=rpBt4o8ay4l1RPE1fgXmpcwnB

RTsQEfnr1TzIoL7KF0%3d#! (last visited May 11, 2022). Further proceedings are scheduled in SCN236445 on July 29, 2022. *Id*. Given this, it appears this Court may be barred from consideration of his claims by the abstention doctrine announced in *Younger v. Harris*, 401 U.S. 37 (1971).

Under *Younger*, federal courts may not interfere with ongoing state criminal proceedings absent extraordinary circumstances. *Id.* at 45–46; *see Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 431 (1982) (*Younger* "espouse[d] a strong federal policy against federal-court interference with pending state judicial proceedings.") These concerns are particularly important in the habeas context where a state prisoner's conviction may be reversed on appeal, thereby rendering the federal issue moot. *Sherwood v. Tompkins*, 716 F.2d 632, 634 (9th Cir. 1983). Absent extraordinary circumstances, abstention under *Younger* is required when: (1) state judicial proceedings are ongoing; (2) the state proceedings involve important state interests; and (3) the state proceedings afford an adequate opportunity to raise the federal issue. *Columbia Basin Apartment Ass'n v. City of Pasco*, 268 F.3d 791, 799 (9th Cir. 2001).

Petitioner must clarify whether criminal proceedings are ongoing in SCN236445 if he wishes to proceed with this case. If they are, he must demonstrate that extraordinary circumstances exist which would relieve this Court of its obligation to abstain from interfering with ongoing state criminal proceedings or this Court will be required to dismiss this case without prejudice. *Juidice v. Vail*, 430 U.S. 327, 337 (1977) (holding that if *Younger* abstention applies, a court may not retain jurisdiction but should dismiss the action.) If he cannot do so, the Court must abstain from interfering in his ongoing state criminal case. *Younger*, 401 U.S. at 45–46.

### **FAILURE TO STATE A COGNIZABLE FEDERAL CLAIM**

Additionally, petitioner has failed to allege that his state court conviction or sentence violates the Constitution of the United States and has therefore failed to state a cognizable federal claim in accordance with Rule 4 of the rules governing § 2254 cases. Title 28,
/ / /

United States Code, § 2254(a), sets forth the following scope of review for federal habeas corpus claims:

> The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

28 U.S.C. § 2254(a). *See Hernandez v. Ylst*, 930 F.2d 714, 719 (9th Cir. 1991). Thus, to present a cognizable federal habeas corpus claim under § 2254, a state prisoner must allege both that he is in custody pursuant to a "judgment of a State court," and that he is in custody in "violation of the Constitution or laws or treaties of the United States." *See* 28 U.S.C. § 2254(a).

Here, Petitioner claims in ground one a "violation of the Constitution," and states "see US District court paper file on case number 3:21-cv-01167-CAB-WVG." (Pet, ECF No. 1 at 6–9.)[1] Petitioner's claims are not sufficiently specific to allege he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254.

Further, the Court notes that Petitioner cannot simply amend his Petition to state a federal habeas claim and then refile the amended petition in this case. He must exhaust state judicial remedies before bringing his claims via federal habeas. State prisoners who wish to challenge their state court conviction must first exhaust state judicial remedies. 28 U.S.C. § 2254(b), (c); *Granberry v. Greer*, 481 U.S. 129, 133–34 (1987). To exhaust state judicial remedies, a California state prisoner must present the California Supreme Court with a fair opportunity to rule on the merits of every issue raised in his or her federal habeas petition. *See* 28 U.S.C. § 2254(b), (c); *Granberry*, 481 U.S. at 133–34. Moreover, to

---

[1] On April 14, 2021, Petitioner constructively filed a Petition for Writ of Habeas Corpus in the Ninth Circuit Court of Appeals, which was transferred to this Court and given case no. 3:21-cv-01167-CAB-WVG. (*See Williams v. Unknown, et al*, S.D. Cal. case no. 3:21-cv-01167-CAB-WVG). Petitioner was granted two extensions of time to correct deficiencies of pleading identified by the Court. (*See* ECF Nos. 8, 17.) On February 4, 2022, the Court denied Petitioner's third request for extension of time and told Petitioner he would have to file a new petition which would be given a new case number.

properly exhaust state court judicial remedies a petitioner must allege, in state court, how one or more of his or her federal rights have been violated. The Supreme Court in *Duncan v. Henry*, 513 U.S. 364 (1995) reasoned: "If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution." *Id*. at 365–66 (emphasis added). For example, "[i]f a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court." *Id.* (emphasis added).

Additionally, the Court cautions Petitioner that under the Antiterrorism and Effective Death Penalty Act of 1996, a one-year period of limitation shall apply to a petition for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)–(D) (West Supp. 2002).

The Court also notes that the statute of limitations does not run while a properly filed state habeas corpus petition is pending. 28 U.S.C. § 2244(d)(2); *see Nino v. Galaza*, 183 F.3d 1003, 1006 (9th Cir. 1999); *but see Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (holding that "an application is 'properly filed' when its delivery and acceptance [by the appropriate

court officer for placement into the record] are in compliance with the applicable laws and rules governing filings."). However, absent some other basis for tolling, the statute of limitations does run while a federal habeas petition is pending. *Duncan v. Walker*, 533 U.S. 167, 181–82 (2001).

## CONCLUSION

For the foregoing reasons, the Court **DISMISSES** this case without prejudice and with leave to amend. If Petitioner wishes to proceed with this case, he must, **no later than July 18, 2022: (1)** pay the $5.00 fee or submit adequate proof of his inability to pay the fee; and **(2)** filed a First Amended Petition that cures the pleading deficiencies outlined in this Order. The Clerk of Court shall send a blank In Forma Pauperis Application and a blank First Amended Petition pursuant to 28 U.S.C. § 2254 form to Petitioner along with a copy of this Order.

**IT IS SO ORDERED.**

Dated: May 17, 2022

Hon. Gonzalo P. Curiel
United States District Judge